LOPE VALDESPINO AGOSTINI, Petitioner, Appellant and Appellee, *v.* RETIREMENT BOARD OF EMPLOYEES OF THE INSULAR GOVERNMENT OF PUERTO RICO, Respondent, Appellee and Appellant.

No. 9992.   Argued February 1, 1950.—Decided March 16, 1950.

*Pascasio Fajardo Martínez* for appellant-appellee. *Vicente Géigel Polanco, Attorney General,* and *A. Torres Braschi, Assistant Attorney General,* for appellee-appellant.

8

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The present mandamus was filed in the District Court of Mayagüez against the Retirement Board of Employees of the Insular Government. The petition claims that the petitioner had been working during thirty years for the Insular Government as Marshal of the Municipal Court of Mayagüez, until October 26, 1937 when he ceased in his work with the Government and retired with a yearly pension of $351.48, or $29.29 monthly; that on August 2, 1946, he started to work again for the Government, this time as Inspector for the General Supplies Administration, which position he filled until March 31, 1947 when he was dismissed because his position was eliminated in the budget; that then he requested the Retirement Board to continue his pension which was so ordered by said Board, but limiting it to $302.67 annually, or to $25.22 monthly; that he petitioned for the reconsideration of said order claiming that said pension was lower than the one to which he was entitled as under § 8 of Act No. 23 of 1935, as amended by Act No. 132 of May 2, 1940, he was entitled to a life pension equal to one half of the salary he was drawing as Inspector of Supplies, which was $84.50 monthly.

A trial was had on the merits and the lower court found the above-mentioned facts proved, and rendered judgment, which was made clear on petition by the Board, in the sense that the time that the petitioner had worked in his new position with the Government would be reckoned with reference to the pension which was formerly granted to him.

Disagreeing with the judgment rendered, the petitioner, as well as the Board, appealed.[1]

██ The appellant maintains in his brief that the lower court erred in not deciding, as a matter of law, that he was entitled to retire with a pension of one half of the salary that

---

[1] On January 25, 1950 the Retirement Board filed a motion abandoning the appeal it had taken.

he was drawing as an employee of the Supplies Administration.

The matter which we think disposes of the present case is not raised in any of the briefs presented.

Section 13 of Act No. 23, as amended by Act No. 132, *supra*, authorizes the Retirement Board to deduct and withhold three percent of the salary of every official or employee of the Insular Government of Puerto Rico. The last "proviso" of this Section reads as follows: *"Provided, further,* That any official or employee who has ceased to render services to the Insular Government and who again returns thereto after this Act takes effect, shall serve for at least three consecutive years before he is entitled to enjoy the benefits of this Act." In order that the appellant may be entitled to the benefits of Act No. 23, *supra*, upon his return to the service after having retired, he should have served the Government for at least three consecutive years, in accordance with the last "proviso" of § 13. As the case shows that the appellant does not fulfill this requirement, since he returned to work for the Government on August 2, 1946 and retired on March 31, 1947, he is entitled only to his original pension, which was suspended from the moment he entered again the service of the Government, pursuant to § 19 of Act No. 23, 1935, *supra*.

The case of *Soto* v. *The Retirement Board*, 68 P.R.R. 560, cited by the lower court, does not support its judgment nor is it contrary to what we decide now. The facts stated at the beginning of the opinion in said case show that Soto served again upon re-entering the Government from July 18, 1935 to December 3, 1943, that is, for more than eight consecutive years. Therefore, there was no need to mention and apply the last "proviso" of § 13, *supra*, upon deciding said case, but we did decide that § 8 of the Act, upon which the appellant relies, was not in point.

The judgment appealed from will be modified so as to order the Retirement Board to pay to the petitioner the sum

of $29.29 monthly or $351.48 annually, which sum covers the pension to which the petitioner is entitled and, as modified, it will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.